FIRST MERCURY INSURANCE COMPANY

V.

SUITE 152, INC., ET AL.

**EXHIBIT 3 TO**

**COMPLAINT FOR DECLARATORY JUDGMENT**



Rosie Valenzuela
Senior Specialist, Liability/Property Claims

t +1.312.660.5942
Rosie.Valenzuela@cfins.com

**Crum & Forster**
26600 Telegraph Rd | Southfield, MI 48033 | United States

February 20, 2018

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**7017 1000 0000 5053 5152**

Mr. Andrew Goldman
2524 Yorkshire St
Ft. Collins, CO 80526

RE: **Kellie Biasio v. Suite 152 Inc, Individually and d.b.a. The Rec Room at the Yeti (aka the Rec Room) and Andrew Golding**

| | |
|---|---|
| Case Number: | 17CV30465 |
| Company: | First Mercury Insurance Company |
| Policy Number: | FMEV100476 |
| Insured: | Suite 152, Inc. DBA Yeti & The Rec Room |
| Claim No: | 183EV-1 |
| Claimant: | Kellie Biasio |
| Policy Period: | 12/7/14 – 12/7/15 |
| Date of Loss: | 6/1/2015 |

Dear Mr. Goldman:

United States Fire Insurance Company is the authorized claims administrator for the above-referenced policy issued to Suite 152, Inc. dba Yeti & The Rec Room ("Suite 152") by First Mercury Insurance Company ("First Mercury"). Please accept this correspondence in response to your tender of defense to First Mercury with respect to the above-referenced lawsuit. As you know, First Mercury's first notice of this lawsuit was on January 16, 2018, after default judgement had been entered against you. As such, you breached the conditions to coverage under the First Mercury Policy. First Mercury, however, will agree to provide a courtesy defense to you for the sole purpose of attempting to vacate the default judgment subject to a complete reservation of rights, including the right to disclaim coverage and withdraw from the defense.

## FACTUAL BACKGROUND

On May 30, 2017, Kellie Biasio ("Plaintiff") filed a lawsuit against Suite 152 and Andrew Golding entitled Kellie Biasio Suite 152 Inc., Individually and d.b.a. The Rec Room at the Yeti (aka The Rec Room) and Andrew Golding, case number 2017CV30465, in the District Court of Larimer County, Colorado.

Plaintiff alleges that she visited Suite 152 on or about June 1, 2015, at which time there was significant crowd due to a promotional event, making it difficult for patrons and employees to move about the premises. While seated near one of the bars, Plaintiff alleges that you, in your capacity as a Suite 152 employee, made physical contact with her person causing her to fall to the ground. As a result of her fall, Plaintiff alleges serious injury.

Plaintiff sets forth a count of Negligence against you, alleging that you unreasonably failed to avoid contact with Plaintiff's person causing her to fall and sustain injury.

With respect to Suite 152, Plaintiff asserts claims for Respondent Superior and Premises Liability. Plaintiff claims that Suite 152 is responsible for your negligent acts and omissions, while you were acting within the scope of your employment. Additionally, Plaintiff's premises liability claim alleges that as the owner of the premises, Suite 152 was responsible for the activities and conditions on the premises, including the responsibility to ensure that its patrons and employees could safely move about the premises. Plaintiff alleges that Suite 152's promotional activity created a dangerous condition at the premises, which caused you to make contact with and injure Plaintiff.

As a result of her injury, Plaintiff seeks judgment along with statutory interest, costs, expert witness fess and other further relief the court may deem proper.

## COVERAGE SUMMARY

First Mercury issued a Commercial Lines Policy with a Commercial Liability Coverage Part to Suite 152, Inc. DBA Yeti & The Rec Room, policy number FMEV100473, for the policy period from December 7, 2014 to December 7, 2015, with limits of $1,000,000 Each Occurrence and $2,000,000 General Aggregate (the "First Mercury Policy"). The applicable coverage form of the Policy includes CG 00 01 12 07 Commercial General Liability Coverage Form.

The Insuring Agreement of the First Mercury Policy provides, in pertinent part:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I-COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

\*   \*   \*

Section IV of the First Mercury Policy includes, in pertinent part, the following conditions:

\*   \*   \*

    **2. Duties In the Event Of Occurrence, Offense, Claim or Suit**

\*   \*   \*

        b.  If a claim is made or "suit" is brought against any insured, you must:

            **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

            **(2)** Notify us as soon as practicable.

        You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

        c.  You and any other involved insured must:

            **(1)** Immediately sent us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

\*   \*   \*

Section V of the First Mercury Policy provides the following relevant definitions:

\*   \*   \*

    **3. "Bodily injury"** means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*   \*   \*

    **18. "Suit"** means a civil proceeding in which damages because of "bodily injury" . . . to which this insurance applies are alleged. . . .

Section II of the First Mercury Policy includes the following "Who Is An Insured" provision:
    **1.** If you are designated in the Declarations as:

\*   \*   \*

      **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

*   *   *

  **2.** Each of the following is also an insured:

      **a.** Your . . . "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture of limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. . . .

*   *   *

## CLAIM HISTORY

First Mercury received notice of the claim on October 16, 2015. During the course of our investigations, Suite 152 and its employees denied any involvement in an incident with Plaintiff. By way of a December 6, 2016 conference call with Plaintiff's counsel, Thomas Condas, First Mercury denied liability to Plaintiff. On the same date, we advised Mr. Tony Campana, of Suite 152, of our conversation with Mr. Condas and his intention to file a lawsuit associated with this claim. We asked that Mr. Campana immediately notify First Mercury if served Suite 152 was served with a Summons and Complaint. By way of letter dated December 8, 2016, First Mercury sent a follow-up letter to Plaintiff's counsel reiterating its denial of liability.

Thereafter, on May 20, 2017, Plaintiff filed the above-referenced lawsuit in connection with this claim. On October 11, 2017, Plaintiff requested entry of default against Suite 152. The Court entered default against Suite 152 on October 17, 2017. On November 29, 2017, Plaintiff requested entry of default against you. The Court entered default against you on December 6, 2017. On December 27, 2017, Plaintiff moved for default judgment as to both you and Suite 152. On January 3, 2018, the Court granted Plaintiff's motion and entered judgement against you and Suite 152 in the amount of $704,508.25 plus $1,020.04 in costs.

On January 16, 2018, First Mercury first received notice of the lawsuit filed in May 2017. Specifically, First Mercury received a Notice of Motion Hearing for Entry of Default Judgment dated December 26, 2017. The notice indicated that the motion hearing was scheduled for January 3, 2018. We have since learned that the hearing did, in fact, take place on January 3, 2018, followed by entry of judgment against you and Suite 152 on the same date.

## COVERAGE POSITION

The First Mercury Policy provides that where the named insured is an "an organization, other than a partnership, joint venture or limited liability company" then that organization is an "insured". The First

Mercury Policy further defines an "insured" as any of the organization's "employees" acting "within the scope of their employment . . . or while performing duties related to the conduct of [the organization's] business." Here, the allegations against you arise out of your role as an employee of Suite 152. Accordingly, you qualify as an "insured" under the First Mercury Policy.

The First Mercury Policy provides that in the event of a suit against any insured, you must notify us "as soon as practicable" and "immediately" send copies of any summonses or legal papers received in connection with the claim or suit. Here, Plaintiff filed the Complaint on May 30, 2017. According to the Clerk's Entry of Default, you were served with a copy of the Summons and Complaint on November 7, 2017. First Mercury was not provided with any notice of pending lawsuit arising out this claim until January 16, 2018, after a default judgment had been entered against you. As such, you breached the conditions to coverage under the First Mercury Policy.

As a courtesy to you, First Mercury appointed William K. Rounsborg and Bradley D. Damm of McElroy, Deutsch, Mulvaney & Carpenter, LLP to attempt to vacate the default judgment entered against you. To the extent that the default judgment against you is not vacated, or if the judgment is vacated and First Mercury still has suffered prejudice as a result of the late notice, First Mercury reserves the right to disclaim coverage based on late notice and withdraw from the defense.

You are free to accept or reject this offer to defend subject to First Mercury's complete reservation of rights. In the event you choose to reject this offer, you may retain counsel of your own choosing to represent you in this matter. Please respond to this letter as soon as possible and let us know whether you will accept or reject this offer of defense.

This letter does not, and is not intended to waive any of the rights First Mercury may have under the terms of your insurance policy or at law. This letter is not intended to be an exhaustive statement of all exclusions and/or conditions which may be applicable. All rights which First Mercury may have under the terms of your insurance policy and at law are specifically reserved. We expressly do not waive our right to deny coverage for any other valid reason.

First Mercury's position on this matter is based on the information presently available to us. If you have any further information that you feel would be relevant to our coverage determination, please contact First Mercury at once as First Mercury would appreciate the opportunity to review any additional information. If you have not already done so, we also suggest that you provide your auto carrier with notice of this action.

If you have any questions regarding this letter, please contact the undersigned.

Sincerely,

*Rosie Valenzuela*

Rosie Valenzuela, Senior Specialist, Claims
United States Fire Insurance Company on behalf of First Mercury Insurance Company

CC: Mr. Tony Campana
Suite 152, Inc.
DBA: Yeti & The Rec Room
5100 Abbey Road
Fort Collings, CO 80526
Via email: anthony.campana@icloud.com